

# The Attorney General of Texas

October 12, 1984

JIM MATTOX
Attorney General

Supreme Court Building
. O. Box 12548
. stin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
. lecopier 512/475-0266

714 Jackson, Suite 700
. illas, TX. 75202-4506
4/742-8944

24 Alberta Ave., Suite 160
. Paso, TX. 79905-2793
915/533-3484

.. Texas, Suite 700
Houston, TX. 77002-3111
~·3/223-5886

806 Broadway, Suite 312
. ibbock, TX. 79401-3479
)6/747-5238

)09 N. Tenth, Suite B
icAllen, TX. 78501-1685
ɔ12/682-4547

00 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Forth Worth, Texas   76196

Opinion No.  JM-208

Re: Authority of a county purchasing agent to rewrite or refuse to advertise bid specifications approved by the commissioners court

Dear Mr. Curry:

You have requested our opinion as to whether, under articles 1659b and 2368a, V.T.C.S., and the note to article 1580, V.T.C.S., the Tarrant County purchasing agent is authorized to rewrite or, in the alternative, is authorized to refuse to advertise bid specifications approved by the commissioners court but which, in the purchasing agent's judgment, are so narrowly written as to deny competitive bidding. Addressing only the statutory construction issue, we conclude that the purchasing agent is not authorized either to rewrite or refuse to advertise such bid specifications.

The county acts only through its commissioners court in making a contract. Article 2368a, V.T.C.S., is the general competitive bidding statute. Section 2(a) provides:

> Sec. 2. (a) No county, acting through its Commissioners Court, and no city in this state shall hereafter make any contract calling for or requiring an expenditure or payment in an amount exceeding five thousand dollars ($5,000.00) out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids.

Although the statutes do not expressly specify which officer or entity is authorized to set bid specifications, this office has stated that, under articles 1659 and 2368a, V.T.C.S.,

> the Commissioner's Court is given broad discre-
> tionary powers with respect to establishing and
> setting specifications for materials and supplies
> to be purchased by the county. . . .

Attorney General Opinion O-6606 (1945); see also Attorney General
Opinion WW-1121 (1961). No changes in the statutes since the 1945
opinion have altered the commissioners court's authority to contract
for the county, to submit proposed contracts to competitive bidding,
and inferentially to set specifications for such bids.

Chapter 9, Acts of the Forty-sixth Legislature, as amended, which
is codified as a note to article 1580, V.T.C.S., makes it the duty of
the purchasing agent to make all purchases for the county of supplies,
materials, and equipment except purchases which are required by law to
be made by competitive bid. Sec. 1(b). It grants no responsibility
to a purchasing agent for purchases which must be made by competitive
bid.

Article 1659b, V.T.C.S., is a statute applying only to Tarrant
County because of its population bracket. The statute imposes
specific duties on the county purchasing agent once specifications for
bidding have been set. It provides, in part, that:

> Where the total expenditure for any such purchase
> or any such contract shall exceed $1,000,
> advertisements for bids for such supplies and
> material, according to purchasing specifications
> giving in detail what is needed, shall be made by
> the purchasing agent. . . . (Emphasis added).

Additional duties of the purchasing agent under this statute include
filing all bids received, providing copies of all bids received by the
commissioners court and, whenever that court finds all bids unsatis-
factory, rejecting the bids and readvertising. Id. This office has
stated that where the county auditor performs the limited functions of
the purchasing process conferred by article 1659, V.T.C.S., duties
virtually identical to those imposed on the purchasing agent by
article 1659b, the commissioners court, not the auditor, sets bid
specifications. Attorney General Opinion WW-1121 (1961), citing
Attorney General Opinion O-6606 (1945).

We believe that, since the purchasing agent has no power to set
bid specifications, by implication he has no power to rewrite
specifications set by the commissioners court. You also inquire
whether the purchasing agent may refuse to advertise such bid
specifications.

Section 2(a) of article 2368a requires that a county submit certain contracts to competitive bidding. Section 2(b) of that act requires the advertisement of such bidding. Article 1569b specifically provides that in Tarrant County advertisements for bids for certain contracts "shall be made by the purchasing agent."

Section 2(d) of article 2368a provides that a contract made by a county without complying with the statutory requirements of that act is void and unenforceable and that the performance of such a contract may be enjoined by any citizen of the county who pays property taxes. However, we do not believe that the provisions of either statute give the purchasing agent discretionary authority to judge whether specifications approved by the commissioners court meet competitive bidding standards or discretion to refuse to advertise for bids on such specifications. We conclude that the duty of the purchasing agent to advertise the availability of bid specifications is a ministerial duty which is statutorily explicit and involves no exercise of judgment or discretion.

Since you do not ask about the constitutionality of the statute which applies only to Tarrant County because of its population bracket, we do not address the issue of whether it is a local or special law in violation of article III, section 56 of the Texas Constitution. See Oakley v. Kent, 181 S.W.2d 919, 923, 924 (Tex. Civ. App. - Eastland 1944, no writ); Attorney General Opinions H-393 (1974); H-8 (1973).

## S U M M A R Y

The Tarrant County purchasing agent is not authorized to rewrite bid specifications approved by the commissioners court even if the purchasing agent believes the bid specifications deny competitive bidding. The purchasing agent may not refuse to advertise for bids on such specifications.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood